IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE LUIS & DIANA CALDERON,<br>Plaintiffs,<br>v.<br><br>STATE FARM LLOYDS<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§ | CASE NO. _____ |

## DEFENDANT STATE FARM LLOYDS'S NOTICE OF REMOVAL

NOW COMES Defendant **STATE FARM LLOYDS ("State Farm")** and files this Notice of Removal.

### PROCEDURAL BACKGROUND

1. This lawsuit concerns State Farm's alleged mishandling of an insurance claim for damages to a residential property on or about April 28, 2023. On October 16, 2024, Plaintiffs filed this lawsuit, asserting causes of action for breach of contract, bad faith, and prompt payment violations (the "State Court Action").

2. State Farm received service of the Original Petition on October 24, 2024.

3. State Farm Lloyds timely filed its answer on November 13, 2024.

4. State Farm now timely files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the County Court at Law No. 7 of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division.

### NATURE OF THE SUIT

5. This lawsuit involves a dispute over alleged non-payment or underpayment of contract benefits, prompt payment penalties and a claim for attorneys' fees in connection with a claim stemming from a storm occurring on April 28, 2023. *See* Plaintiff's Original Petition at V

6. Plaintiffs assert causes of action against State Farm for breach of contract, violations of the DTPA, and violations of Chapters 541 and 542 of the Texas Insurance Code. *Id.* at VI. They seek damages including actual damages, treble damages, statutory interest and attorney's fees. *Id.* at ¶¶ 22-25.

## BASIS FOR REMOVAL

7. The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all real parties in interest (Plaintiff and State Farm) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *Diversity of Citizenship*

8. At the time the State Court Action was commenced, Plaintiffs were and still are residents and citizens of Texas. *See* Plaintiffs' Original Petition at I.

9. State Farm Lloyds was at the time this action was commenced, and still is, a citizen of Illinois and Arizona. State Farm is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois and Arizona, thereby making State Farm Lloyds a citizen of Illinois and Arizona for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

10. Because Plaintiffs are citizens of Texas and State Farm is a citizen of Illinois and Arizona, there is complete diversity of citizenship. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

### *Amount in Controversy*

11. The amount in controversy requirement "is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth

'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The "summary judgment type evidence" must be provided "only when the plaintiff contests, or the court questions, the defendant's allegation" of federal jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014). The removing party bears the initial burden of showing that federal jurisdiction exists. *E.g., Ramirez v. Allstate Vehicle & Prop. Ins. Co.*, 490 F. Supp. 3d 1092, 1112 (S.D. Tex. 2020). When the removing party carries its burden, the party resisting removal "may avoid removal by showing, to a legal certainty, that recovery will not exceed the jurisdictional threshold." *Id.* at 1113.

12.     When the amount in controversy is not satisfied from the petition alone, courts within the Fifth Circuit "routinely consider presuit demand letters when evaluating amount in controversy." *Graf v. Chesapeake Energy Corp.*, No. 5:17-CV-75, 2018 U.S. Dist. LEXIS 239207, at *24 n.4 (S.D. Tex. 2018). Plaintiffs sent State Farm a presuit notice letter on April 15, 2024. In that letter, Plaintiffs assert damages to the property totaling $55,447.57, less the $2,940.00 deductible for a total of $52,507.57. As stated above, Plaintiffs seek treble damages under the Texas Insurance Code; $52,507.57 times three is $157,522.71. Plaintiffs also seek attorney's fees and prompt payment interest, further increasing the amount in controversy. The amount in controversy requirement is met.

13.     Additionally, Plaintiffs cannot show—to a legal certainty—that their recovery will not exceed $75,000. In their Petition, Plaintiffs state their claim does not exceed $74,999.00. Plaintiffs' Original Petition at III. "[A] statement in the petition limiting damages to a figure below the amount-in-controversy requirement of $75,000 or less, however, does not preclude removal since it is not binding." *Sliepcevic v. Am. Family Connect Prop. & Cas. Ins. Co., Inc.*, No. SA-23-CV-00553-XR, 2023 WL 4351504, at *2 (W.D. Tex. July 5, 2023). "[I]n Texas—litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *St. Paul Reinsurance Co. v. Greenberg*,

134 F.3d 1250, 1254 n.18 (5th Cir. 1998).  Plaintiffs did not file any stipulation or affidavit with their petition.  Plaintiffs therefore cannot show to a legal certainty that their recovery will not exceed $75,000.00.

## REMOVAL IS PROCEDURALLY CORRECT

14. This Notice of Removal is timely under 28 U.S.C. § 1446(b). State Farm Lloyds was served with Plaintiffs' Original Petition on October 24, 2024.

15. Venue is proper in this Division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

16. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action are attached herein to the Index of Matters Filed (Exhibits 1A – 1G).

17. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of State Farm Lloyds' Notice of Removal was promptly given to all parties and to the clerk of the 430th Judicial District Court of Hidalgo County, Texas.

18. All documents required by Local Rule 81 to be filed with this Notice of Removal are attached herein to the Index of Matters Filed (Exhibit 1).

## PRAYER

Defendant State Farm respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm also requests any additional relief to which it may be justly entitled.

Respectfully submitted,

/s/ *Stephen W. Bosky*
Stephen W. Bosky
Fed. ID No. 3076205/State Bar No. 24087190
sbosky@ramonworthington.com
**RAMÓN WORTHINGTON NICOLAS & CANTU, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
Phone: (956) 294-4800

Facsimile: (956) 928-9564

**Electronic Service to:**
efile@ramonworthington.com
A*TTORNEY IN* C*HARGE FOR* D*EFENDANT*

**Of Counsel:**

Elizabeth Sandoval Cantu
Fed. ID No. 310028/State Bar No. 24013455
Zachary T. Ramon
Fed. ID No. 3872053/State Bar No. 24138020
**RAMÓN WORTHINGTON**
**NICOLAS & CANTU, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
(956) 294-4800
(956) 928-9564 – Fax

**Electronic Service to:**
**efile@ramonworthington.com**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 21, 2024 a true and correct copy of the foregoing document was served to the following:

Gregorio R. Lopez
**G. LOPEZ LAW GROUP, PLLC**
621 S. 10th Ave.
Edinburg, Texas 78539
(956) 618-0837
(866) 612-7811 – Fax
greg@glopezlaw.com
**ATTORNEYS FOR PLAINTIFFS**

 */s/ Stephen W. Bosky*
Stephen W. Bosky

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE LUIS & DIANA CALDERON, § | | |
| Plaintiffs, § | | |
| v. § | | CASE NO. _____ |
| § | | |
| STATE FARM LLOYDS § | | |
| Defendant. § | | |

## AFFIDAVIT OF BRANT KAUFMANN

This day appeared before me, the undersigned authority, BRANT KAUFMANN, who after being duly sworn, deposed and stated as follows:

1. "My name is Brant Kaufmann. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2. I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also a Finance Director for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My business address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3. As part of my job duties for State Farm Mutual, I have access to and personal knowledge of the records of the department that prepares and files the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4. State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5. As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6. As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

7. On October 2, 2023, the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated June 19, 2023 had been placed on file and that its records had been updated to reflect the following changes to the underwriters: Sarah

1

Mineau, Jonathan Allen Porwick, Andrew Glenn Rader, Sonya Johnson Robinson and Ronald Bradley Thein replaced Wensley John Herbert, Kenneth Edward Heidrich, Patricia Elizabeth Roark, Deon Sherie Johnson and Michele Celeste Russo.

The current underwriters for State Farm Lloyds are listed below:

- Mark Edward Schwamberger: Mr. Schwamberger is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson: Ms. Bryson is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold: Mr. Arnold is domiciled in Arizona. His residence and full time place of employment is in Arizona and he has expressed an intent to remain in Arizona while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling: Ms. Sterling is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Justin Michael Tipsord: Mr. Tipsord is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Sara Gay Frankowiak: Ms. Frankowiak is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Craig Dean Isaacs: Mr. Isaacs is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Sarah Mineau: Ms. Mineau is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Jonathan Allen Porwick: Mr. Porwick is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Andrew Glenn Rader: Mr. Rader is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Sonya Johnson Robinson: Ms. Robinson is domiciled in Arizona. Her residence and full time place of employment are in Illinois and Arizona and she has expressed an intent to remain in Arizona while an Underwriter of State Farm Lloyds.

- Ronald Bradley Thein: Mr. Thein is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8. At all times since the October 2, 2023 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the States of Illinois and/or Arizona.

FURTHER AFFIANT SAYETH NAUGHT."

_____
BRANT KAUFMANN

SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this the 20 day of November, 2024.

_____
Notary Public for the State of Illinois

> OFFICIAL SEAL
> ERYK NAJBAR
> NOTARY PUBLIC, STATE OF ILLINOIS
> MY COMMISSION EXPIRES: 02/03/2027

3