Case 7:24-cv-00489   Document 12   Filed on 03/26/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
March 27, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **JOSE LUIS CALDERON** and **DIANA CALDERON,** | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 7:24-CV-00489 |
| **STATE FARM LLOYDS,** | § § | |
| Defendant. | § § | |

# MEMORANDUM OPINION AND ORDER

In 2023, a storm damaged Plaintiffs Jose Luis and Diana Calderon's house and property in Pharr, Texas. The Calderons filed an insurance claim with Defendant State Farm Lloyds ("State Farm") under a property-insurance policy. After State Farm allegedly failed to evaluate and investigate the insurance claim or pay under the policy, the Calderons sued State Farm in state court. State Farm removed the case to federal court on diversity-jurisdiction grounds, and the Calderons now move to remand, arguing that the amount-in-controversy requirement is not met.

Pending before the Court is Plaintiffs' Motion to Remand. (Dkt. No. 4). For the reasons below, that Motion is **GRANTED**.

## I. BACKGROUND

Plaintiffs Jose Luis Calderon and Diana Calderon own property in Pharr, Texas, and they insured their property with State Farm. (Dkt. No. 1-2 at 5–6). On April 28, 2023, a storm damaged the Calderons' house and property, so they filed a claim with State Farm. (*Id.* at 6).

According to the Calderons, however, State Farm did not evaluate their claim fairly and failed to pay under the insurance policy. (*Id.*). The Calderons specifically alleged that State Farm conducted a substandard investigation and inspection of the property and failed to provide the Calderons with a report that included all the damages noted during the inspection. (*Id.*).

As a result, the Calderons sued State Farm in state court in Hidalgo County, Texas. (*Id.* at 5–8). They brought (1) a breach-of-contract claim; (2) a prompt-payment claim under the Texas Insurance Code; and (3) a bad-faith or a Texas Deceptive Trade Practices Act ("DTPA") claim. (*Id.* at 6–7). Based on these claims, the Calderons sought total damages that do "not exceed the sum of $74,999, including exemplary and punitive damages, penalties, and attorneys' fees, but exclusive of interest and cost." (*Id.* at 5). They specifically noted that they would "not seek or accept any damages, recover[y,] or award that may be rendered in the above-captioned matter in excess of $74,999.00" and "renounce[d] any judgment in excess[] of $74,999, exclusive of interest and costs which might be rendered in their favor." (*Id.*).

On November 21, 2024, State Farm removed the case to federal court on diversity-jurisdiction grounds. (Dkt. No. 1). The Calderons now move to remand the case, arguing that the amount-in-controversy requirement is not met. (Dkt. No. 4). State Farm responds that the amount-in-controversy requirement *is* satisfied. (Dkt. No. 5).

II.   **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994), and may only hear

cases that present a federal question or satisfy the requirements for diversity jurisdiction, *see* 28 U.S.C. §§ 1331, 1332. If a case meets one of these two requirements for federal subject-matter jurisdiction, the defendant (or defendants) may remove the action from state to federal court. *See* 28 U.S.C. § 1441(a); *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

To determine whether federal subject-matter jurisdiction exists, courts examine the plaintiff's state-court petition as it stood at the time of removal. *Manguno*, 276 F.3d at 723. Therefore, to remove a case on diversity-jurisdiction grounds—as State Farm has done here, (Dkt. No. 1 at 2)—two conditions must be met at the time of removal: (1) there must be complete diversity of citizenship between the parties, and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a).

The removing party bears the burden of establishing that subject-matter jurisdiction exists and that removal is proper. *Manguno*, 276 F.3d at 723. The removal statute is strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. *Id.*; *see also Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

**III.   DISCUSSION**

In the remand motion, the Calderons challenge only the amount-in-controversy requirement. (Dkt. No. 4). For this requirement, the "general rule [is] that 'the sum demanded in good faith in the initial pleading' is 'the amount in controversy.'" *Durbois v. Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1056 (5th Cir. 2022) (quoting 28 U.S.C. § 1446(c)(2)). So, "[i]f the plaintiff's state court petition specifies a dollar amount of

damages, that amount controls if made in good faith." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). But "[i]f the petition is silent (as is often the case in state courts in our jurisdiction), the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* at 314 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

The Calderons' complaint is far from silent. It states:

> The total damage sought by Plaintiffs against Defendant for all elements of damage *does not exceed the sum of $74,999*, including exemplary and punitive damages, penalties, and attorneys' fees, but exclusive of interest and cost. *Plaintiffs will not seek or accept any damages*, recover[y] or award that may be rendered in the above-captioned matter *in excess[] of $74,999.00*. [F]urther, Plaintiff herein [and] hereby *renounces any judgment in excess[] of $74,999*, exclusive of interest and costs which might be rendered in their favor.

(Dkt. No. 1-2 at 5) (emphasis added). Thus, the Calderons' state-court petition explicitly states that they do not seek—and will not accept—more than $75,000, exclusive of interest and costs, (*see id.*), which means that they do not seek an amount above the jurisdictional threshold of the diversity statute, *see* 28 U.S.C. § 1332(a).

Even so, State Farm contends that the alleged damages in the Calderons' state-court petition do not justify remand. (Dkt. No. 5 at 2–3). State Farm's argument rests on two points: (1) a pre-suit demand letter from the Calderons indicating that they originally sought more than $75,000; and (2) their post-removal stipulation renouncing any recovery over $75,000 should be disregarded under Fifth Circuit precedent. (*Id.* at 1–3).

### A.    PLAINTIFFS' PRE-SUIT DEMAND LETTER

Starting with the pre-suit demand letter, State Farm argues that the letter seeks monetary relief that would raise the amount of actual damages above the jurisdictional threshold by including requests for treble damages, exemplary damages, attorney's fees, and prompt-payment interest. (*Id.* at 1–2). State Farm points to *Graf v. Chesapeake Energy Corp.,* for the proposition that "courts in this circuit routinely consider pre-suit demand letters when evaluating amount in controversy." No. 5:17-CV-00075, 2018 WL 4334015, at *3 n.4 (S.D. Tex. Feb. 8, 2018); *see also Rivera v. State Farm Mut. Auto. Ins.*, No. 7:23-CV-00377, 2024 WL 626630, at *2 (S.D. Tex. Jan. 5, 2024) ("Courts may consider pre-suit demand letters as evidence of the amount in controversy." (citing *Friedrichs v. Geovera Specialty Ins.*, No. 7:12-CV-00392, 2013 WL 674021, at *3 (S.D. Tex. Feb. 22, 2013))), *report and recommendation adopted*, 2024 WL 709681 (S.D. Tex. Feb. 21, 2024).

Typically, however, courts consider pre-suit demand letters only when the amount-in-controversy allegations in the state-court complaint are ambiguous or when the plaintiffs have not stipulated that they will not amend their complaint or otherwise accept an amount greater than $75,000. For example, in *Rivera v. State Farm Mutual Automobile Insurance Co.*, the court considered a pre-suit demand letter only after finding that the state-court allegation was not a stipulation and did not prevent the plaintiffs from amending their complaint or accepting an award of damages greater than the jurisdictional amount. *See* 2024 WL 626630, at *2. Likewise, in *Alcala v. Allstate Vehicle & Property Insurance Co.*, the court looked to a pre-suit damages letter only after concluding that the amount in controversy was not facially apparent from the state-court petition.

No. 1:22-CV-00095, 2022 WL 4239223, at *3–4 (S.D. Tex. Aug. 30, 2022), *report and recommendation adopted*, 2022 WL 4239353 (S.D. Tex. Sept. 14, 2022). A court's use of pre-suit demand letters is therefore limited because pre-suit demand letters "reflect a plaintiff's valuation of the damages the plaintiff has sustained in any given case," but a plaintiff's state-court petition "paints a more accurate picture of the amount of damages than a demand letter would." *Graf*, 2018 WL 4334015, at *3 n.4.

Here, the Calderons' complaint paints a clear picture of the amount in controversy. Plaintiffs allege that (1) "[t]he total damage sought by Plaintiffs against Defendant for all elements of damage *does not exceed the sum of $74,999*"; (2) they "will *not* seek or accept any damages, recover[y] or award that may be rendered in the above-captioned matter in excess[] of $74,999.00"; and (3) they "renounce[] any judgment in excess[] of $74,999, exclusive of interest and costs which might be rendered in their favor." (Dkt. No. 1-2 at 5) (emphasis added).

In light of this unequivocal language, the pre-suit demand letter would only impact the remand analysis if State Farm were using it to argue that the Calderons' damages statements in their petition were not made in good faith. *See Guijarro*, 39 F.4th at 314 (holding that, when a state-court petition "specifies a dollar amount of damages, that amount controls *if made in good faith*." (emphasis added)). But State Farm makes no such argument and, in fact, fails to mention bad faith at all in its response. (*See generally*

Dkt. No. 5). Given this unambiguous language—and the absence of any bad-faith argument—State Farm's reliance on the pre-suit demand letter falls short.[1]

### B. PLAINTIFF'S POST-REMOVAL STIPULATION

Turning to the Calderons' post-removal stipulation, State Farm contends that this stipulation does not defeat the amount-in-controversy requirement because courts should disregard post-removal filings. (*Id.* at 2–3). The Court agrees that "a post-removal stipulation is generally ineffective to establish the amount in controversy." *Enriquez v. Meridian Sec. Ins.*, No. 7:23-CV-00244, 2023 WL 9289758, at *2 (S.D. Tex. Dec. 29, 2023) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)), *report and recommendation adopted*, No. 7:23-CV-00244, 2024 WL 187704 (S.D. Tex. Jan. 17, 2024). The Court therefore disregards the Calderons' post-removal stipulation.

But disregarding this stipulation does not alter the Court's conclusion that the sum demanded in the state-court petition is controlling. The Calderons' allegations in the state-court petition effectively serve as a binding stipulation, limiting their damages to an amount below the jurisdictional threshold. Indeed, "when the plaintiff states the *fact* that it is not seeking more than a particular amount and that it will not accept more than

---

[1] In the past, courts would find bad faith if Texas plaintiffs pled a specific amount of damages in the complaint or made a general allegation that they sought an amount below $75,000, based on the view that Texas's procedural rules did not allow the pleading of specific sums in cases of unliquidated damages. *See, e.g.*, *Alvarez v. Allstate Tex. Lloyds*, No. 7:13-CV-00182, 2013 WL 12140287, at *2–3 (S.D. Tex. Sept. 6, 2013) (relying on the Fifth Circuit's decision in *De Aguilar v. Boeing*, 47 F.3d 1404 (5th Cir. 1995)). That line of cases is no longer good law because it was based on a previous version of Texas Rule of Civil Procedure 47, and there have since been amendments to that rule. *See Durbois*, 37 F.4th at 1059–60 (ignoring *De Aguilar* and its progeny after explaining that the 2013 amendments to Texas Rule of Civil Procedure 47 mean that requesting a specific sum in a state-court complaint below the jurisdictional threshold is no longer evidence of bad faith).

that amount, the *legal consequence* is that the court may not order more than that amount." *Durbois*, 37 F.4th at 1061 (emphasis in original). To determine whether an allegation is a sufficient stipulation, courts ask if "[a] reasonable reader would understand that [the plaintiff] was limiting not only what he demanded but what he would accept from the suit." *Id.*

Here, the Calderons' state-court petition explicitly states that they "will *not seek or accept* any damages . . . in excess[] of $74,999.00," and they even "*renounce*[] any judgment in excess[] of $74,999, exclusive of interest and costs which might be rendered in their favor." (Dkt. No. 1-2 at 5) (emphasis added). This unmistakable language clearly shows that the Calderons are limiting both the damages they are demanding now and would accept in the future. Accordingly, their state-court petition constitutes an effective and binding stipulation that caps their damages at less than $75,000, exclusive of interests and costs.

Construing any doubts in favor of remand, *Manguno*, 276 F.3d at 723, the amount pleaded in the Calderons' state-court petition controls, *see Hamilton v. Mike Bloomberg 2020, Inc.*, No. 21-10576, 2021 WL 5272218, at *1 (5th Cir. Nov. 11, 2021) (per curiam) ("[T]he amount stated in the complaint is dispositive if it 'is apparently made in good faith.'" (quoting *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014))); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) (noting that "the sum claimed by the plaintiff controls"). Because the damages in the petition are explicit and fall below the jurisdictional threshold, and no bad faith has

been alleged, State Farm has not shown by a preponderance of the evidence that the amount-in-controversy requirement has been met. *See* 28 U.S.C. § 1332(a).

IV.  **CONCLUSION**

For the above reasons, Plaintiffs' Motion to Remand, (Dkt. No. 4), is **GRANTED**. This case is **REMANDED** to the County Court at Law No. 7 of Hidalgo County, Texas.

It is SO ORDERED.

Signed on March 26, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**